**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**-----------------------------------------------------------------x**

**SAMET CENNETOGLU,**

**Plaintiff,**

**-against-**

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANS UNION, LLC, and**
**EQUIFAX INFORMATION SERVICES LLC,**

**Defendants.**

**-----------------------------------------------------------------x**

**1:26-cv-04309**

**COMPLAINT**

Plaintiff, SAMET CENNETOGLU ("Plaintiff"), by and through his undersigned counsel, Mallon Consumer Law Group, PLLC, brings this action against Defendants EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), Trans Union, LLC ("Trans Union") and EQUIFAX INFORMATION SERVICES LLC ("Equifax"), collectively referred to herein as "Defendants," and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff Samet Cennetoglu is a victim of identity theft. After Plaintiff's roommate unlawfully obtained Plaintiff's credit cards and personal property, unauthorized individuals used Plaintiff's JPMorgan Chase Bank, N.A. credit card account to incur approximately $21,631 in fraudulent charges without Plaintiff's knowledge or consent. The criminal conduct was caught on video, and Plaintiff's roommate was arrested and charged with stealing Plaintiffs' credit cards and making unauthorized charges on them.

2. Plaintiff promptly reported the fraudulent activity to Defendant JPMorgan Chase Bank, N.A. ("Chase") and provided documentation supporting the identity theft, including police reports and other evidence of the criminal investigation. Despite acknowledging that multiple transactions on

the account were unauthorized, Chase nevertheless continued to treat the remaining balance as valid and furnished derogatory information concerning the account to consumer reporting agencies, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b).

3. Plaintiff brings this action against Defendants Experian Information Solutions, Inc., Trans Union, and Equifax Information Services, LLC (hereinafter collectively referred to as the "CRA Defendants") for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 et seq., by failing to conduct reasonable reinvestigations after Plaintiff disputed the fraudulent Chase account. Defendants refused to reasonably investigate the dispute even after Plaintiff submitted documentation demonstrating that the account resulted from identity theft.

4. Plaintiff further alleges that, as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous derogatory information wrongfully listed on Plaintiff's consumer reports caused him to suffer actual damages including, but not limited to, credit denials, adverse impact on creditworthiness, emotional distress, expenditure of time and resources attempting to correct the inaccuracies, annoyance, aggravation, and frustration.

5. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 et seq., and the NY FCRA, N.Y. GBL § 380 et seq.

## **JURISDICTION AND VENUE**

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

7. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

8. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff Samet Cennetoglu, a natural person, is a resident of Brooklyn, New York, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

10. Defendant Experian Information Solutions, Inc. is an Ohio corporation duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11. Defendant Equifax Information Services LLC is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of the FCRA. See 15 U.S.C. § 1681a(f).

## FACTUAL BACKGROUND

13. Plaintiff is a victim of identity theft involving a JPMorgan Chase credit card account that was used without Plaintiff's knowledge, authorization, or consent.

14. Beginning in or about November 2023, Plaintiff's roommate, Ekaterina Tsivilashvili, unlawfully obtained Plaintiff's credit cards and other personal property.

15. More specifically, the roommate stole both Plaintiff's Chase and American Express cards and made substantial fraudulent purchases on both cards.

16. The fraudulent activity continued between approximately November 2023 and May 2024.

17. During this period, numerous unauthorized charges were incurred on Plaintiff's credit cards account, including international travel and automobile purchases.

18. The manner was handled completely differently by the two credit card companies despite the identical circumstances of fraud.

19. American Express took its legal obligations seriously, conducted an actual investigation of Plaintiff's disputes, promptly determined the charges as fraudulent, did not seek to hold Plaintiff responsible for the fraudulent charges, closed the now corrupted card and provided Plaintiff with a new credit card with a new account number without any of the fraudulent charges attached to it.

20. Defendant Chase, however, at all times refused to conduct an actual investigation of Plaintiff's dispute, and instead continually harassed Plaintiff into making payments on the fraudulent charges, while acknowledging fraud on the account, continues to this day to collect many of those fraudulent charges from the Plaintiff.

21. According to an official New York Police Department Verification of Incident Report, the fraudulent activity resulted in approximately $21,631 in stolen funds from Plaintiff's Chase account.

22. The NYPD classified the incident as Grand Larceny and assigned the matter Complaint Number 2025-062-000295.

23. Following a police investigation, the perpetrator was arrested and criminal charges were filed in Kings County Criminal Court.

24. The court subsequently issued a Temporary Order of Protection requiring the perpetrator to stay away from Plaintiff and refrain from contacting him.

25. After discovering the fraudulent activity, Plaintiff promptly contacted JPMorgan Chase Bank, N.A. ("Chase") and disputed the unauthorized transactions.

26. Plaintiff provided Chase with documentation supporting the fraud, including police reports and evidence of the criminal investigation.

27. Chase allegedly conducted an investigation into Plaintiff's fraud claims.

28. On June 11, 2025, Chase acknowledged that multiple transactions on the account were unauthorized, confirming that Plaintiff's account had been compromised.

29. Despite this admission, Chase subsequently concluded that Plaintiff remained responsible for the remaining balance associated with the account.

30. Defendant Chase never explained why it was acknowledging some of the charges as fraudulent while declaring other charges as legitimate.

31. In correspondence dated January 5, 2026, Chase informed Plaintiff that it had completed its investigation and determined that Plaintiff was responsible for the disputed transactions.

32. Chase thereafter furnished information regarding the account to the consumer reporting agencies and reported the account as a derogatory charge-off balance of approximately $19,011.

33. The derogatory Chase account appeared on Plaintiff's credit reports maintained by Experian Information Solutions, Inc., Equifax Information Services LLC, TransUnion LLC, and Innovis, Inc.

34. On or about January 23, 2026, Plaintiff disputed the fraudulent Chase account with the consumer reporting agencies and provided identity theft documentation.

35. Plaintiff also submitted identity theft block requests pursuant to Section 1681c-2 of the Fair Credit Reporting Act ("FCRA") demanding that the fraudulent account be blocked from his credit reports.

36. Plaintiff's submissions included police reports confirming the identity theft and arrest of the perpetrator.

37. Following Plaintiff's disputes, Innovis removed the disputed Chase account from Plaintiff's

credit file.

38. Similarly, TransUnion investigated Plaintiff's dispute and deleted the disputed account from Plaintiff's credit report on or about January 29, 2026. However, on February 26, 2026, Trans Union reinserted the account containing the fraudulent charges back onto the Plaintiff's consumer report.

39. Trans Union explained that "We investigated the information you disputed and this previously deleted item has now been verified and **ADDED** back to your credit report."

40. Trans Union did not actually investigate Plaintiff's dispute and determine that the charges belonged to him – instead they simply followed Chase when it instructed them to put account containing the fraudulent charges back onto the Plaintiff's report.

41. However, Experian and Equifax continued to report the fraudulent Chase account on Plaintiff's credit reports despite receiving Plaintiff's identity theft documentation and dispute submissions.

42. Experian requested additional documentation from Plaintiff and declined to block the disputed account despite Plaintiff's submission of identity theft documentation.

43. Plaintiff subsequently provided further law-enforcement verification confirming that the identity theft report had been filed with the New York Police Department.

44. Despite this documentation, Experian verified the Chase account as accurate and continues to report the account as a derogatory tradeline.

45. Likewise, Equifax has continued to report the disputed Chase account despite Plaintiff's identity theft documentation and dispute submissions.

46. Upon information and belief, the consumer reporting agencies forwarded Plaintiff's disputes to Defendant JPMorgan Chase Bank, N.A. as the furnisher of the disputed information. In response, Chase failed to conduct a reasonable investigation, verified the disputed account information as

accurate, and directed the consumer reporting agencies to continue reporting the account.

47. As of this date, the consumer reporting agency Defendants each continue to report the Chase account containing the fraudulent charges, damaging Plaintiff's otherwise strong credit profile.

48. Plaintiff has suffered harm as a result of Defendants' conduct. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports has caused Plaintiff to suffer actual damages including, but not limited to, adverse impact on creditworthiness, emotional distress, expenditure of time and resources attempting to correct the inaccuracies, annoyance, aggravation, and frustration.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA
Against All Defendants

49. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

50. Defendants Experian, Trans Union and Equifax Information Services LLC ("Equifax") each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

51. Such reports erroneously included inaccurate and derogatory information associated with Plaintiff's JPMorgan Chase Bank, N.A. credit card account, which resulted from identity theft.

52. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations of Plaintiff's disputes regarding the fraudulent Chase account.

53. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information

submitted by Plaintiff concerning the identity theft and fraudulent nature of the Chase account.

54. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory information associated with the fraudulent Chase account after failing to verify the completeness and accuracy of that information.

55. Defendants Experian, Trans Union and Equifax further willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681c-2 by failing to properly block the reporting of information resulting from identity theft after Plaintiff submitted identity theft documentation and supporting evidence.

56. Defendant Trans Union violated 15 U.S.C. § 1681c-2(c) by reinserting the previously blocked Chase account without a reasonable basis for the reinsertion.

**SECOND CAUSE OF ACTION**
VIOLATION OF THE NY FCRA
Against All Defendants

57. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

58. Defendants Experian, Trans Union and Equifax Information Services LLC ("Equifax") each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding Plaintiff, as that term is defined in the New York Fair Credit Reporting Act ("NY FCRA"). See N.Y. GBL § 380-a(c)(1).

59. Such reports erroneously included false and derogatory information associated with Plaintiff's JP Morgan Chase Bank, N.A. credit card account, which resulted from identity theft.

60. Defendants Experian, Trans Union and Equifax knew, or should have known, that the reports contained erroneous information resulting from identity theft, in violation of N.Y. GBL §

380–j(a)(3).

61. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes concerning the fraudulent Chase account.

62. Defendants Experian, Trans Union and Equifax willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the fraudulent Chase account from Plaintiff's credit file after failing to verify the completeness and accuracy of that information.

63. Defendants Experian, Trans Union and Equifax each published credit reports on multiple occasions containing the erroneous and derogatory information associated with the fraudulent Chase account, causing Plaintiff to suffer economic harm by limiting his opportunities for credit, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

64. Accordingly, Defendants are liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

65. Plaintiff is further entitled to an injunction requiring Defendants to remove the erroneous and derogatory information associated with the fraudulent Chase account from Plaintiff's credit files and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: July 17, 2026

Respectfully submitted,



Kevin C. Mallon
Mallon Consumer Law Group, PLLC
550 Kinderkamack Road, Suite 117
Oradell, NJ. 07649
(917) 734-6815
kmallon@consumerprotectionfirm.com
*Attorneys for the Plaintiff*